**HYCON MANUFACTURING COM-
PANY, Appellant,**

v.

**H. KOCH & SONS, a partnership consisting of M. P. Koch, W. L. Koch, H. M. Koch and R. Koch Abel, Appellee.**

**No. 14046.**

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1955.

---

Robert W. Fulwider, Los Angeles, Cal., Harry W. Brelsford, Santa Barbara, Cal., Edward E. Tuttle, Los Angeles, Cal., for appellant.

George B. White, San Francisco, Cal., Mason & Graham, Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This was an action for infringement of letters patent. The answer denied infringement and raised the questions of lack of invention, novelty, utility and anticipation by devices in the prior art.

A declaratory judgment of invalidity of the patent was prayed also by defendants.

Both sides moved for summary judgment. The court granted motion for plaintiff, made findings of fact, conclusions of law and entered judgment. The questions of infringement and damages were not adjudicated.

The trial court exceeded the permissible limits of determination of disputed questions without trial. A motion for summary judgment cannot be granted simply because both sides move for it.[1] An indispensable prerequisite to such a judgment is the absence of a material question of fact. But it is obvious that there were postulates of fact involved in the diametrically opposite positions of the respective litigants. Both contentions of fact could not be true.

It is then said the proof was documentary and was all before the trial court. If this were conceded, there were still questions of fact to be resolved which an appellate court is not permitted to adjudicate. Trial de novo, which was formerly the rule in admiralty, ecclesiastical courts and in some chancery cases, is definitely abolished in civil cases in the federal courts by the rules constricting review. No authority is given except to District Courts to make new findings of fact. Presently our sole function as to such findings is to re-examine judicially, criticize and set aside if "clearly erroneous."[2] The existence of the basis of fact in documentary form or in agreed statement of the parties does not transmute such propositions into questions of law.[3]

It is true that all the facts might have been stipulated. But even then, submission upon that basis would require a trial. At the trial an opportunity should be given to introduce evidence. Here, as we understand the record, there was an effort to present some testimony which was precluded because it was indicated the nature of a summary judgment prevents the trial of any issue of fact.[4] No comment is required. The case must be remanded for trial.

But it should not be conceived that this action is founded upon a technicality. The lawyers for the respective parties, by the cross-motions, superinduced the idea that no factual questions were involved. But the utmost which can be said in a patent validity case is that it is a "mixed question of law and fact." The implications of this phrase are misleading.[5] It is realized that the learned trial judge took this action under the pressure of a heavy calendar and in order to save time for the parties and attorneys. As often happens, the shortcut did not accomplish the desired end.[6] In a patent case there are three interested parties, the patent holder, the user of an accused device and the public. The interest of the

1. " * * * it is well established that cross-motions for summary judgment do not warrant the trial court granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed." F. A. R. Liquidating Corporation v. Brownell, 3 Cir., 209 F.2d 375, 380. Begnaud v. White, 6 Cir., 170 F.2d 323, 327.

2. A finding upon summary judgment will be set aside if there is dispute about the "fact." Where after trial the court weighs the evidence, documentary and testamentary, there is a strong policy for affirmation on appeal, which is crystallized in Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A.

3. Waialua Agricultural Company v. Maneja, 9 Cir., 178 F.2d 603, 608.

4. Federal Rules of Civil Procedure, 56(d).

5. A clearer statement has been given judicially. "The question of invention being a question of fact, to be determined, however, by rules of law, Poppenhusen v. Falke, Fed.Cas.No.11280, 5 Blatchf. [46] 49, we are constrained to hold the patent valid on a fact finding of invention in its subject matter." Radiator Speciality Co. v. Buhot, 3 Cir., 39 F.2d 373, 376. At the time of that opinion, there was trial de novo in appellate courts in patent cases.

6. See Doehler Metal Furniture Co., Inc., v. United States, 2 Cir., 149 F.2d 130, 135.

last is paramount.[7] Devices in the public domain should not be subject to appropriation by entrepreneux through fallacious letters patent. The formal parties plaintiff and defendant cannot be allowed to dictate the course of the litigation lest the public suffer.

 Because of the peculiar character of the process of reconsideration by a court in a field where presumption of validity of an administrative finding has, to say the least, been weakened,[8] any tendency to abolish trial in patent cases for consideration of documents in camera should be curbed. Furthermore, apparently as a direct result of the improper failure to hold a trial, the findings of fact which were made were entirely inadequate. Here again, the lawyers seem to have presented the court with formalistic pronouncements of "ultimate fact," which are in effect conclusions. An administrative grant of letters carries a presumption of validity, but does not state on its face the invention involved or differentiate the device from earlier patent or contrivances already dedicated to the public.

 The court must find facts which support three essentials: novelty, utility and invention. Mere conclusions in order to hold a patent valid, such as are contained in this record, are of no avail. No opinion was before this Court. There is indication neither why the trial judge thought the device was an invention nor why the patented article was differentiated from the prior art. It is well known that a single patent has been upheld in one circuit and held invalid in another.[9] In a famous case, the Supreme Court held a patent invalid[10] when attention was called to a device which had been in the public domain for many years prior to the alleged invention, although it had previously sustained the identical patent in a prior case where this evidence of anticipation was lacking. In the interest of the public, the importance of a specific declaration on the contested issues by the trial court either in opinion or in findings cannot be overemphasized.[11] Otherwise, the burden is placed on this Court of trying patent cases in the first instance rather than exercising the normal function of review.

The summary judgment is vacated, the petition for declaratory relief is reinstated and the cause remanded for trial and appropriate and specific findings of fact.

7. "It is the public interest which is dominant in the patent system." Mercoid Corporation v. Mid-Continent Investment Co., 320 U.S. 661, 665, 64 S.Ct. 268, 271, 88 L.Ed. 376.

8. See Myers v. Beall Pipe & Tank Corporation, D.C., 90 F.Supp. 265, 268.

9. Conflicting views of appellate courts concerning the validity of the same patent has led the Supreme Court to grant certiorari in many cases. For example, see Jungersen v. Ostby & Barton Co., 335 U.S. 560, 69 S.Ct. 269, 93 L.Ed. 235; Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973; Universal Oil Products Co. v. Globe Oil & Refining Co., 322 U.S. 471, 64 S.Ct. 1110, 88 L.Ed. 1399; Cuno Engineering Corporation v. Automatic Devices Corporation, 314 U.S. 84, 62 S. Ct. 37, 86 L.Ed. 58; Maytag Co. v. Hurley Machine Co., 307 U.S. 243, 59 S.Ct. 857, 83 L.Ed. 1264. See also Triplett v. Lowell, 297 U.S. 638, 56 S.Ct. 645, 80 L.Ed. 949. In such cases perforce, the Supreme Court exercises an independent function in relation to facts.

10. See Smith v. Hall, 301 U.S. 216, 57 S. Ct. 711, 81 L.Ed. 1049, and Smith v. Snow, 294 U.S. 1, 55 S.Ct. 279, 79 L.Ed. 721.

11. "Besides, the defense of want of patentable invention in a patent operates, not merely to exonerate the defendant, but to relieve the public from an asserted monopoly * * *." Haughey v. Lee, 151 U.S. 282, 285, 14 S.Ct. 331, 332, 38 L.Ed. 162. It is imperative that the courts do not receive submission of such controversies on an inadequate basis laid by interested parties.