Harry E. SKINNER and Marie S. Skinner, Appellants,

v.

Ewing R. PARNELL, Administrator of the Estate of Audrey Jane Skinner, Deceased, and Metropolitan Life Insurance Company, a corporation, Appellees.

No. 5773.

United States Court of Appeals Tenth Circuit.

June 30, 1958.

John Connolly, Oklahoma City, Okl., for appellants.

Gus Rinehart, Oklahoma City, Okl. (Wheeler, Parsons & Wheeler, Oklahoma City, Okl., on the brief), for appellees.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This action arises in interpleader at the instance of the Metropolitan Life Insurance Company as insurer of the life of Bill Eastland Skinner who died in an automobile accident occurring in New Mexico in 1956. The insurance company has paid into court the proceeds of its

policy asserting that the parents of deceased (appellants) and the administrator of the estate of Audrey Jane Skinner (appellee) are each claimants to the fund. Audrey Jane Skinner was the wife of Bill Eastland Skinner during their lifetimes and died in the same accident as did the insured. The policy of insurance carried no named beneficiary but provided that the benefits should be paid in the following order of precedence:

1. To the widow of (deceased).

2. If none, to the child or children of deceased).[1]

3. If none of the above, to the parents of such (deceased).

The trial court, sitting without a jury, found that Audrey Skinner survived her husband by from 15 to 30 minutes and that the insurance proceeds should accordingly be paid to the administrator of her estate. Appellants contend the evidence to be insufficient to support a finding that Mrs. Skinner survived her husband and that, as a consequence, the law relating to simultaneous deaths in a common disaster as applied to the policy provisions should govern.

We do not reach appellants' secondary contention for we conclude from our review of the record that the determination of the trial court relating to survival is not clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

The accident from which those deaths resulted occurred directly in front of the home of Mrs. Edna Anderson, whose testimony was taken by deposition and introduced at the trial. Mrs. Anderson testified that she was looking out the window of her home at about 6 A.M. of the day of the accident and saw the head-on collision occur. She immediately ran to the scene and observed the position and condition of the occupants of the Skinner car. The driver, Bill Skinner, was not breathing. His eyes and mouth were wide open and his arms were thrown back. He was motionless and

had a greyish look. She stated that Mr. Skinner had been killed instantly. Mrs. Skinner, the witness noted, was moving her arms and was moaning. A third occupant of the front seat, Sharon Rogers, was also moaning. The witness stated the sounds coming from the two women were distinguishable.

A second witness, Mrs. Valdez, a daughter of Mrs. Anderson, also testified by deposition. She stated that she looked at the occupants of the Skinner car at about 6:15 A.M. This witness said Mr. Skinner was not breathing and had the "whole motor crushed up into his chest." Mrs. Skinner was groaning and called out "Oh God help us! Oh God help us some way to get out of here."

Certain it is that the testimony of these two witnesses, if credible, is ample to support a finding that Mrs. Skinner survived her husband. The factual situation differs from that in Colovos' Administrator v. Gouvas, 269 Ky. 752, 108 S.W. 2d 820, 823, 113 A.L.R. 871, and upon which appellants rely. In Colovos the court noted that a female outcry coming from an overturned automobile containing Colovos, his wife, and his daughter was not sufficient to warrant a finding of survivorship of the wife. The court noted that such outcry did not tend to "prove that Colovos was then dead. It only tends to show that the wife or daughter was then alive." In the instant case the death of Mr. Skinner was described by conditions and circumstances independent of the outcry of his wife.

Since the testimony upon which the trial court has based the finding that Mrs. Skinner survived her husband was submitted by deposition this court is in as good a position as the trial judge to evaluate such evidence and the scope of review allowed under Rule 52(a) is enlarged to the extent, but only to the extent, that no regard need be given to the opportunity of the trial court to observe the witness. Fleming v. Palmer, 1 Cir., 123 F.2d 749. Although some inconsistency exists between the testimony

[1]. It is stipulated that deceased had no children.

given by Mrs. Anderson and Mrs. Valdez by deposition and that reported as given by them in interview with witnesses called by appellants the basic inconsistency lies in omission and not in contradiction. This court, whether reviewing testimony given orally to the trial court or submitted by deposition, does not weigh credibility anew and cannot say that the trial court could not rely on the credence of testimony given by deposition. Cf. United States v. U. S. Gypsum Co., 333 U.S. 364, at page 395, 68 S.Ct. 525, 92 L.Ed. 746; Holt v. Werbe, 8 Cir., 198 F.2d 910; Galena Oaks Corp. v. Scofield, 5 Cir., 218 F.2d 217. The finding of survivorship is not clearly erroneous and the judgment is affirmed. Heldenbrand v. Stevenson, 10 Cir., 249 F.2d 424; Spencer v. Madsen, 10 Cir., 142 F.2d 820; Saulsbury Oil Co. v. Phillips Petroleum Co., 10 Cir., 142 F.2d 27; Carter Oil Co. v. McCasland, 10 Cir., 190 F.2d 837.