William B. CROSS, Appellant,
v.
M. R. PASLEY, Appellee.
No. 16092.

United States Court of Appeals
Eighth Circuit.
June 8, 1959.

Solbert M. Wasserstrom, Kansas City, Mo. (Bellemere & Bellemere, Kansas City, Mo., were with him on the brief), for appellant.

Albert Thomson, Kansas City, Mo. (Davis, Thomson, Vandyke & Fairchild, Kansas City, Mo., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and MATTHES, Circuit Judges.

PER CURIAM.

In this diversity case, tried before the Court, William B. Cross, defendant below, appeals from a judgment in favor of appellee, plaintiff below, for $14,771.-32, together with $1477.13 as attorney's fee, or a total sum of $16,248.45.

The complaint alleged that defendant made sales of certain securities to plaintiff in the state of Missouri, and that such sales were in violation of the Missouri Securities Law (see Chapter 409, R.S.Mo.1949, V.A.M.S., particularly Section 409.240) and the Federal Securities Act of 1933 (see Title 15 U.S.C.A. §§ 77e, 77l).

In urging a reversal of the judgment, defendant contends that the sales were not of the type proscribed by the Missouri Act because the parties (plaintiff, defendant and others) were engaged in a joint enterprise; that the transactions did not involve a public offering and therefore were exempt under § 77d of the Federal Securities Act; and that plaintiff failed to make adequate tender.

Reluctantly, we conclude that the cause must be remanded to the trial court for additional findings of fact and conclusions of law. Rule 52 of the Federal Rules of Civil Procedure, Title 28 U.S. C.A., imposes the duty on the trial court, in actions tried without a jury, to "find the facts specially and state separately its conclusions of law thereon." However, the same rule makes unnecessary specific findings of fact and conclusions

of law if the district court's opinion plainly states its findings and conclusions. See Frank Adam Electric Co. v. Federal Electric Products Co., 8 Cir., 200 F.2d 210, certiorari denied, 72 S.Ct. 940, 345 U.S. 958, 97 L.Ed. 1378.

■■ The purpose of Rule 52 is in part to aid appellate courts in their review of district court decisions. As stated by the Ninth Circuit, in Irish v. United States, 225 F.2d 3, 8, "[t]he findings should be so explicit as to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision." Here, the trial court did file a "Memorandum Opinion, Findings of Fact and Conclusions of Law." However, for reasons presently demonstrated, the findings are inadequate inasmuch as they do not furnish this Court with a clear understanding of the grounds upon which the district court based its decision. The opinion was prefaced with this statement: "Plaintiff instituted this suit against the defendant to recover the sum of $14,771.32 together with reasonable attorney's fee, costs and interest, as the purchase price of an alleged sale of securities in violation of § 409.020(4), V.A.M.S., and Title 15 U.S.C.A. § 77b(3), without registration, as required by § 409.030, V.A.M.S., and Title 15 U.S.C.A. § 77e." After briefly reviewing certain factual aspects of the case, the Court stated: "The question for determination is whether or not this type of transaction comes within the provision of the Acts. It is plaintiff's contention that they were securities within the meaning of the statute. It is defendant's contention that the money received by him was for acquiring interests in oil leases, and his proportionate part of the drilling expenses, and did not come within the provisions of the Act. It is also a further contention that the parties engaged in a joint venture, and, as such, were not within the provisions of the Acts." From the foregoing, and particularly the italicized words, we are unable to determine whether the court was considering the transactions as violative of the Missouri law, the federal act, or both. By and large the remainder of the memorandum opinion is devoted to a discussion of two cases decided by the Supreme Court of the United States [1] and a Missouri Supreme Court Opinion.[2]

■ Careful analysis of the opinion in its entirety fails to disclose findings as to these material elements: (1) Whether all of the transactions with plaintiff took place in Missouri. This was a controverted issue as recognized by the trial judge at the conclusion of the trial when he stated: "Now, I think those are the issues, gentlemen. We do have some issue here as to whether or not I believe it was one of these transactions took place in Oklahoma or Kansas, or whatever it was, but to me, gentlemen, that doesn't present very much of a problem here." Since the Missouri Securities Law has no extra-territorial effect, Gales v. Weldon, Mo.Sup., 282 S.W.2d 522, 528, the necessity for a finding on this question becomes readily apparent; (2) Whether the sales and offerings by defendant were violative of the Federal Securities Act, §§ 77b, 77d, 77e, 77l, Title 15 U.S.C.A.; (3) Whether proper and sufficient tender was made as required by both acts, Title 15, Section 77l, U.S.C.A.; Section 409.-240, V.A.M.S.

■ We are mindful that the allowance of an attorney's fee is indicative of a finding by the court that the transactions with plaintiff occurred in Missouri.[3]

---

1. S.E.C. v. W. J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244; S.E.C. v. C. M. Joiner Leasing Corp., 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88.

2. Gales v. Weldon, Mo.Sup., 282 S.W.2d 522.

3. The Federal Act, Title 15, § 77l, U.S.C.A. does not authorize such an allowance, the recovery being limited to the consideration paid with interest thereon, or for damages if securities are no longer owned by person bringing action, whereas, the Missouri Statute, § 409.240, V.A.M.S., permits recovery of reasonable attorney's fees.

However, since this was a controverted issue on trial, we cannot escape the conclusion that the court should make an explicit finding on this question, for it is not the province of this Court to infer material facts.

 Accordingly, the district court is hereby directed to make and enter additional and appropriate findings of fact and conclusions of law nunc pro tunc as of the date of the original findings, and that as so entered such additional findings and conclusions be certified to this court as a supplemental record. Jurisdiction is retained.