**UNITED STATES of America,**
**Appellant,**

v.

**Charles GRISSLER and Agnes Elizabeth Grissler, Appellees.**

**No. 17555.**

United States Court of Appeals
Ninth Circuit.

May 15, 1962.

Carl A. Muecke, U. S. Atty. (J. Gordon Cook, McKesson, Renaud & Cook, Phoenix, Ariz., of counsel), for appellant.

Olgerd W. Kalyna, Beer, Seaman & Polley, Phoenix, Ariz., for appellees.

Before HAMLIN, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM.

Charles Grissler and Agnes Elizabeth Grissler, appellees herein, brought an action in the United States District Court for the District of Arizona against the United States of America, appellant herein, for injuries sustained by Mrs. Grissler as a result of an automobile collision between an automobile operated by appellee Charles Grissler and an automobile operated by one Max E. Wilson, an employee of the Farmers' Home Administration, Department of Agriculture,

a department of the appellee United States. Appellant in its answer admitted that Max E. Wilson was its employee and that he was acting in the scope of his employment when the accident occurred. However, appellant denied that Wilson was negligent and alleged that Mr. Grissler had been contributorily negligent, which negligence would be imputed to Mrs. Grissler. The district court had jurisdiction under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 1402(b). The district court awarded damages to appellees. This appeal followed and we have jurisdiction under 28 U.S.C.A. § 1291.

The district court made findings of fact that appellant's employee had been negligent and that appellees had not been contributorily negligent. Upon this appeal, appellant does not complain of the district court's finding that appellant's employee was negligent, but contends that Charles Grissler, the driver of appellees' car, was contributorily negligent as a matter of law.

In this intersection accident the evidence shows and the court found that appellee Charles Grissler was driving in a northerly direction upon his proper side of the street in the lane closest to the center line, and that appellant's vehicle being driven in a southerly direction made a left turn into the lane occupied by appellees in violation of the Arizona law. The evidence showed and the court found that the appellees' automobile had the right of way and that the collision occurred wholly within appellees' proper lane of traffic. The evidence showed and the court further found that the accident occurred as a direct and proximate result of appellant's employee's failure to maintain a proper lookout, his failure to grant appellees the right of way, his violations of the statutes, and his failure to exercise due care.

Appellant, while admitting that there was substantial evidence of its own negligence, argues that appellee Charles Grissler was contributorily negligent because he failed to see appellant's automobile in time to prevent the colli-

sion. The question of whether appellee Charles Grissler was contributorily negligent is a pure question of fact. The court found that appellee Charles Grissler was operating his automobile in a reasonably prudent manner in all respects and in accordance with all applicable traffic laws. The court's finding is amply supported by the evidence. We cannot set aside a finding of the district court unless it is clearly erroneous. Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A. The findings are not clearly erroneous.

Affirmed.