Lula SUMMERS, as Administratrix of the Estate of Mamie Sue Warren, Deceased, Appellee,

v.

WATKINS MOTOR LINES, a Corporation, Appellant.

No. 8945.

United States Court of Appeals. Fourth Circuit.

Argued June 14, 1963.

Decided Sept. 23, 1963.

Harold A. Mouzon, Charleston, S. C. (B. Allston Moore, and Moore & Mouzon, Charleston, S. C., on brief), for appellant.

J. D. Parler, St. George, S. C. (Thomas O. Berry, Jr., St. George, S. C., on brief), for appellee.

Before HAYNSWORTH, BRYAN and J. SPENCER BELL, Circuit Judges.

HAYNSWORTH, Circuit Judge.

In this automobile collision case, the defendant questions the District Court's findings of fact, but we cannot say they were clearly erroneous.

The plaintiff's decedent, with a number of others, was a passenger in a vehicle approaching a dangerous intersection of two highways. The intersection is extremely well-marked, and the route of the automobile, in which the plaintiff's decedent approached it on a subservient highway, was through numerous signs which required a complete stop before the intersection was entered. The defendant's truck was traveling the dominant highway, passing signs which limited its speed to 35 miles per hour.

There was testimony that the automobile on the subservient highway was traveling at a high rate of speed and did not stop before entering the intersection. There was testimony from surviving passengers in that automobile, however, that it had stopped before entering the intersection, and that it proceeded into the intersection only after they had observed a dim light, estimated to be some 500 feet away, the only evidence of approaching traffic on the dominant highway. As they proceeded into the intersection, they said they heard the screaming of brakes and saw the defendant's truck bearing down upon them at a speed which they estimated to be 50 to 60 miles per hour.

The District Court found that the driver of the automobile either did not stop

before entering the intersection or did not exercise sufficient care to observe oncoming traffic. He found that the defendant's truck was at fault, however, in proceeding too fast as it approached and entered the intersection. There was no basis for imputing the fault of the driver of the passenger vehicle to the plaintiff's decedent, and the District Court accordingly entered judgment for the plaintiff.

A companion case had been twice tried in the state court. In the first trial of the companion case, filed by the personal representative of another passenger, the issues had been submitted to a jury, but a mistrial was declared when the jury was unable to agree. A second trial resulted in a verdict for the plaintiff, and a judgment entered upon the verdict was affirmed by the Supreme Court of South Carolina upon appeal,[1] though such affirmance occurred after judgment had been entered for the plaintiff in this action in the District Court.

When this case came on for trial in the District Court, a transcript of the testimony taken in the first trial of the companion case was available. By agreement of counsel that transcript was submitted to the Court in lieu of live testimony. The defendant contends, therefore, that the District Court's findings of fact are not entitled to their usual persuasive weight, and that this Court is in an equally good position to reach its own conclusions as was the District Court.

■ The circumstances affect the application of the usual rule that findings will not be disturbed unless clearly erroneous,[2] but the District Court's findings and the inferences it drew from evidentiary facts are not to be disregarded.[3] If we, in a de novo hearing, might have made other findings, we may not reject the findings of the District Court, unless they are clearly erroneous.[4]

■ Since the District Court did not observe the witnesses, it enjoyed no superior opportunity to judge their credibility. To that extent, the findings lack the usual presumption of correctness.[5] Still the choice between permissible, conflicting findings was the District Court's not ours.[6] Indeed, Rule 52 of the Federal Rules of Civil Procedure does not make the scope of review dependent upon the existence of superior opportunity of the trial court to judge questions of credibility. The two things are separately stated. Here the requirement that we give "due regard * * * to the opportunity of the trial court to judge of the credibility of the witnesses" is satisfied by recognition of the fact that it was in no better position than we to judge such

1. Warren, Administrator v. Watkins Motor Lines, 242 S.C. 331, 130 S.E.2d 896.

2. See Hellenic Lines, Ltd. v. Brown & Williamson Tobacco Corp., 4 Cir., 277 F.2d 9; The Ambridge, 4 Cir., 42 F.2d 971; The Sappho, 4 Cir., 94 F. 545; Commercial Standard Ins. Co. v. Universal Underwriters, 10 Cir., 282 F.2d 24. As to the "clearly erroneous" rule, see Fed. Rules Civ.Proc. Rule 52(a), 28 U.S.C.A. Guzman v. Pichirilo, 369 U.S. 698, 82 S.Ct. 1095, 8 L.Ed.2d 205; I-XL Eastern Furniture Co. v. Holly Hill Lumber Co., 4 Cir., 251 F.2d 228; Puddu v. Royal Netherlands S. S. Co., 2 Cir., 303 F.2d 752; United States v. Grissler, 9 Cir., 303 F.2d 175; R. P. Collins & Co. v. United States, 1 Cir., 303 F.2d 142.

3. See Commercial Standard Ins. Co. v. Universal Underwriters, 10 Cir., 282 F.2d 24; Cherot v. United States Fidelity & Guaranty Co., 10 Cir., 264 F.2d 767, 71

A.L.R.2d 959; Lamb v. Interstate Commerce Commission, 10 Cir., 259 F.2d 358.

4. See United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L. Ed. 746; Jersey Ins. Co. of New York v. Heffron, 4 Cir., 242 F.2d 136; Barryhill v. United States, 8 Cir., 300 F.2d 690; Welsh Co. of California v. Strolee of California, Inc., 9 Cir., 290 F.2d 509; Wilsey-Bennett Trucking Co. v. Frost, 10 Cir., 275 F.2d 144; Friedman v. Sealy, Inc., 10 Cir., 274 F.2d 255.

5. See Lamb v. Interstate Commerce Commission, 10 Cir., 259 F.2d 358; Skinner v. Parnell, 10 Cir., 257 F.2d 345; Blackner v. McDermott, 10 Cir., 176 F.2d 498.

6. See Barryhill v. United States, 8 Cir., 300 F.2d 690; Wilsey-Bennett Trucking Co. v. Frost, 10 Cir., 275 F.2d 144; Wunderlich Contracting Company v. United States, 10 Cir., 240 F.2d 201.

matters, but we remain subject to the independent command that its "[f]indings of fact shall not be set aside unless clearly erroneous." [7]

■ Whether or not the District Court heard the witnesses produces a practical difference in appellate review of its findings. A finding which could be held clearly erroneous if made on a written record might readily survive appellate review if the trial court heard the witnesses and "due regard" is given its superior opportunity to judge their credibility. When the trial judge has seen the witnesses, his observation, though explicitly unrecorded, reinforces the written record and his formal findings, but findings lacking such reinforcement still may not be set aside by this Court unless, in the light of all the circumstances, they may be said to have been clearly erroneous.

■ We think the District Court's findings that the drivers of each vehicle were at fault were warranted. The evidence of the physical facts, the markings on the highway and the location of the vehicles as they came to rest, together with the testimony of surviving passengers in the automobile, do not require a finding that the truck was proceeding at an excessive rate of speed, but we cannot say that the District Court's finding of excessive speed was incorrect or so insubstantially supported that we would be justified in disregarding it.

The Supreme Court of South Carolina, affirming the judgment for the plaintiff in the companion case arising out of the same accident, held that the testimony raised issues of fact which were properly submitted to a jury. The scope of its review was narrower than ours, but its opinion does not indicate that it regarded the question of the sufficiency of the evidence as being a close one. It referred to the "sharp conflict in the testimony" as to the speed of the truck.

When the state court has considered the same substantive question on a substantially identical record, it is not unseemly that this litigation of a companion case in our diversity jurisdiction came to a similar ending.

■ The state court jury's resolution of the factual issues, of course, is in no sense binding upon any other jury or court, state or federal, to which identical factual issues are subsequently submitted in a companion case. Nor does a state court's judgment of the sufficiency of evidence to avoid a directed verdict control when the same or a similar question arises in a federal court exercising its diversity jurisdiction. In the federal courts, distribution of functions between court and jury is controlled by federal, not state, law. Byrd v. Blue Ridge Rural Electric Cooperative, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953. And a state court's resolution of a question of sufficiency of the evidence is still further removed from our consideration under Rule 52 of the findings of a district judge.

The essential purpose of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, however, was to give some assurance that litigation in the diversity jurisdiction of the federal courts would come to the same conclusion to which it would have come if tried in the state courts, at least to the extent that substantive law controls the result. While recognizing the existing differences between the judicial systems, the effect those differences may have on results in particular cases and the inapplicability here of the rule of Erie Railroad Co. v. Tompkins, it is not inappropriate to remark that in the final result here, the underlying purpose of Erie Railroad Co. v. Tompkins has been served.

We thus find no error.

Affirmed.

---

7. See n. "Rule 52(a)" 49 Virginia Law Review 506.