**Thomas D. NEWBERRY et al.,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 76–4061
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 22, 1977.

Rehearing and Rehearing En Banc
Denied Aug. 30, 1977.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

George M. Papale, Gretna, La., for plaintiffs-appellants.

Michaelle F. Pitard, Asst. U. S. Atty., Gerald J. Gallinghouse, U. S. Atty., Mary W. Cazalas, Asst. U. S. Atty., New Orleans, La., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

This malpractice claim arose under the Federal Tort Claims Act, 28 U.S.C. §§ 2674 *et seq.* (1970), and alleges improper prescription of birth control pills resulting in circulatory disorders. Judge Christenberry of the Eastern District of Louisiana heard the case, but he passed away before he could deliver decision. Decision was rendered by Judge Schwartz on the basis of the transcript and record. The district court held that there was insufficient evidence of malpractice, and of causation, to sustain plaintiffs' claim.

■ We note initially that even though the deciding judge had not personally heard the testimony delivered, we employ the clearly erroneous standard of review. *See United States v. Ironworkers Local 86,* 443 F.2d 544 (9 Cir.), *cert. denied,* 404 U.S. 984, 92 S.Ct. 447, 30 L.Ed.2d 367 (1971); *Summers v. Watkins Motor Lines,* 323 F.2d 120 (4 Cir. 1963).

■ After carefully considering the voluminous record and transcript, we hold that the district court's findings were not clearly erroneous.

Accordingly, the judgment of the district court is AFFIRMED.