### SUBLETTE et al. v. SERVEL, Inc.

### No. 12093.

Circuit Court of Appeals, Eighth Circuit.

Jan. 13, 1942.

Rehearing Denied Feb. 2, 1942.

Osro Cobb, of Little Rock, Ark., and C. E. Johnson, of Ashdown, Ark., for appellants.

Hardin & Barton and G. C. Hardin, all of Ft. Smith, Ark., for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment for the appellee, Servel, Inc., which was a defendant in the court below, in an action brought by the appellants as plaintiffs to recover damages resulting from the destruction by fire of the dwelling house of the appellant S. H. Sublette, which fire was alleged to have been caused by the negligence of the appellee in the manufacture of a dangerously defective refrigerator. The case was tried to the court without a jury. The court found that the fire originated in the refrigerator; that the refrigerator, when put to the use for which it was intended, was inherently hazardous, but that the appellant Sublette had failed to prove that it was defective or that the appellee was guilty of any actionable negligence which caused or contributed to the fire.

The only point relied upon by the appellants is that the court's findings that the appellant Sublette had failed to establish by substantial evidence that the refrigerator was defective and that the appellee was guilty of negligence which proximately caused the fire, are clearly erroneous.

Whether those findings were erroneous could, of course, be determined only from an examination of the evidence which was adduced at the trial. The record on appeal concededly does not contain all of the evidence. It contains only so much of the evidence as was designated by the appellants for inclusion in the record, although the appellee, pursuant to Rule 75(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, designated other portions of the reporter's transcript of the evidence which it regarded as essential for the determination of the question which the appellants proposed to have reviewed by this Court. The trial court, on motion of the appellee, entered an order, under Rule 75(b), requiring that the appellants file a transcript of the "entire record, evidence and proceedings of the trial of this cause." This was not done, and the certificate of

the clerk of the trial court shows that it was not done, and that "this incomplete record on appeal is being transmitted to the Clerk of the Eighth Circuit Court of Appeals upon request of * * *, Attorney for Appellants." The record on appeal, clearly, does not comply with Rule 75(g) of the Federal Rules of Civil Procedure.

 It is, of course, obvious that the question presented for review cannot be considered or determined by this Court upon the defective record furnished by the appellants. The findings of the trial court are presumptively correct. In the absence of a proper record, shown to contain all of the evidence essential to enable this Court to determine the correctness or incorrectness of the challenged findings, such findings cannot be questioned on review. Oriole Phonograph Co. v. Kansas City Fabric Products Co., 8 Cir., 34 F.2d 400, 401; Pratt v. Stout, 8 Cir., 85 F.2d 172, 176, and cases cited.

The judgment appealed from is affirmed.