Clarence V. WATSON, Appellant,

v.

Woodrow C. BUTTON, Appellee.

No. 14973.

United States Court of Appeals
Ninth Circuit.

June 22, 1956.

Stanley J. Mitchell, Harry A. Harris, Oregon City, Or., for appellant.

Crawford & Willner, Don S. Willner, William J. Crawford, Portland, Or., for appellee.

Before DENMAN, Chief Judge, and POPE and CHAMBERS, Circuit Judges.

DENMAN, Chief Judge.

Watson appeals from a judgment of the District Court for the District of Oregon awarding appellee recovery of $13,945.98 of corporate funds misappropriated by appellant, the former general manager of Highway Freight, Inc. Jurisdiction was based on diversity of citizenship and the substantive law of Oregon governs.

The appellant embezzler contends (A) that the cause of action belonged to the corporation and not to appellee, and therefore the District Court erred in denying his motion to dismiss the complaint. He further contends (B) that if an individual recovery is warranted, the amount of that recovery is too great,

and (C) that the District Court erred in failing to give him judgment on a counterclaim based on a note issued by appellee in his favor.

Appellant and appellee owned all the stock in Highway Freight, Inc., an Oregon corporation.[1] Appellant was the general manager. In July of 1954 all of the stock was sold to third parties. Appellant secured as part of the sale an agreement from the purchasers to release and discharge him from any claims and demands existing against him in favor of the corporation. After this sale appellee discovered the misappropriation. Appellant and appellee are jointly responsible for $68,000 in liabilities of the corporation incurred prior to the date of sale.

A. *Under the Law of Oregon, Appellee is Entitled to Recover.*

Appellant argues that the District Court erred in allowing appellee an individual recovery since any cause of action for misappropriation of corporate assets by a director belongs to the corporation and not its shareholders. He cites Smith v. Bramwell, 1934, 146 Or. 611, 31 P.2d 647, 648 where the Supreme Court of Oregon stated:

"It is a well-established general rule that a stockholder of a corporation has no personal right of action against directors or officers who have defrauded or mismanaged it and thus affected the value of his stock. The wrong is against the corporation and the cause of action belongs to it. Any judgment obtained by reason of such wrongs is an asset of the corporation which inures first to the benefit of creditors and secondly to stockholders."[2]

■ Appellee, who cannot bring a derivative action since he is no longer

1. One share of stock was given to Earl V. White Jr. to qualify him as a director. He had no beneficial interest in the corporation.

2. This is the rule in most states. See cases collected in Sutter v. General Petrole-

um Corp., 28 Cal.2d 525, 170 P.2d 898, 167 A.L.R. 279 (1947). See also, Hornstein, Legal Controls for Intracorporate Abuse—Present and Future, 41 Col.L. Rev. 405 (1941).

a stockholder,[3] asserts that the District Court properly awarded him a judgment since this case falls within an exception to the general rule stated in Smith v. Bramwell. Courts in other states have held that a former stockholder, who parted with his shares without knowledge of prior wrongful misappropriation of corporate assets by the directors, may recover from the directors the amount by which the misappropriation had reduced the value of his prior shareholdings.[4]

Appellee asserts that the Supreme Court of Oregon would recognize such an exception to the general rule stated in Smith v. Bramwell at least in the situation presented here where the rights of creditors are not prejudiced and there are no other shareholders involved. He points out that the reasons behind the general rule are as follows: (1) to avoid a multiplicity of suits by each injured shareholder, (2) to protect the corporate creditors, and (3) to protect all the stockholders since a corporate recovery benefits all equally.[5] These reasons are not applicable in this case. Appellant and appellee were the only stockholders at the time of the misappropriation. The corporate creditors are adequately protected since appellant and appellee are jointly responsible for the corporate liabilities. It is doubtful, in any event, whether under Oregon law the creditors could sue appellant for his misappropriation. The only right apparently would be to enforce the corporate cause of action,[6] but that was given up by the present owners of the corporation when they purchased it from appellant and appellee.

■ The District Court did not err in concluding that the Oregon court would follow those decisions from other states which allow an individual recovery in this situation, at least in a case where the rights of creditors and other shareholders are not prejudiced. Suits against directors for violations of fiduciary duties are equitable in nature. It is unlikely that the Oregon courts would allow a director to misappropriate funds and leave those injured without a remedy.

B. *The Appellant Cannot Raise the Question whether the District Court Erred in Allowing the Appellee to Recover the Full Amount of the Defalcation.*

■ Appellant next contends that the District Court erred in giving appellee judgment for the entire amount misappropriated, since appellee owned only half the stock of the corporation. However, appellant failed to mention this argument in his "statement of points on which he intends to rely on the appeal" which were required since appellant did not designate the entire record. Fed. Rules Civ.Proc. rule 75(d) 28 U.S.C.A. provides:

"(d) Statement of Points. No assignment of errors is necessary. If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

Appellee argues that the complete record on this point is not before us. In such a situation, this Court may not consider appellant's contention. Cf. Boston & Maine R. R. v. Jesionowski, 1 Cir., 1946, 154 F.2d 703, reversed on other grounds, 1947, 329 U.S. 452, 67 S.Ct. 401, 91 L. Ed. 416; Bennett v. Scofield, 5 Cir., 1948, 170 F.2d 887; 7 Moore's Fed. Practice, par. 75.09.

C. *The District Court is not Shown to Have Made a Clearly Erroneous De-*

3. See Ballantine, Corporations 350 (Rev. ed., 1946).

4. See, e.g., Backus v. Kirsch, 1933, 264 Mich. 73, 249 N.W. 469; Hammer v. Werner, 1933, 239 App.Div. 38, 265 N.Y.S. 172. But cf. Green v. Victor Talking Machine Co., 2 Cir., 1928, 24 F.2d 378, 59 A.L.R. 1091.

5. See note, 40 Calif.L.Rev. 127 (1952).

6. See Pelton v. Gold Hill Canal Co., 1914, 72 Or. 353, 142 P. 769; 3 Fletcher Cyclopedia Corporations §§ 1181, 1182.

*cision in Denying Appellant Recovery on Appellee's Note.*

 Appellant's counterclaim is based "in reliance on the fraudulent misrepresentations of * * * [appellant] * * * upon which * * * [appellee] * * * had a right to rely." However, appellant has had included in the record before this Court but one page of the reporter's transcript of testimony. The burden is on him to show that the trial court's finding was clearly erroneous. An appellant must include in the record all of the evidence on which the District Court might have based its findings.[7] When this is not done, the judgment of the District Court must be affirmed.[8]

The judgment of the District Court is affirmed.

---

7. We are aware of F.R.C.P. 75 (e) requiring that "all matter not essential to the decision of the questions presented by the appeal shall be omitted." This could be accomplished when an appellant challenges the sufficiency of the evidence to support a district court's findings by a stipulation that certain pages of the transcript constitute the only evidence relevant to a particular finding. Appellees, who by refusing to make such stipulations, force appellants to print and this Court to read unnecessary testimony, would be subject to a motion to charge them with costs even if they prevailed in the appeal.

8. United States v. Vanegas, 9 Cir., 1954, 216 F.2d 657; Sublette v. Servel, 8 Cir., 1942, 124 F.2d 516; In re Chapman Coal Co., 7 Cir., 1952, 196 F.2d 779.