Hadley STEPHENS and Alicia Stephens,
Appellants,

v.

ARROW LUMBER CO., Inc., a corporation, et al., Appellees.

No. 19886.

United States Court of Appeals
Ninth Circuit.

Jan. 6, 1966.

Edgar Paul, Boyko, of Boyko & Tulin, Anchorage, Alaska, James A. Schmiesing, Michael W. Rotberg, Los Angeles, Cal., for appellants.

G. F. Boney and Warren W. Matthews, Jr., of Burr, Boney & Pease, Anchorage, Alaska, for appellees.

Before JERTBERG, DUNIWAY and ELY, Circuit Judges.

JERTBERG, Circuit Judge:

Appellants appeal from a final judgment and decree of foreclosure. The action was originally instituted by appellee, Arrow Lumber Co., Inc., in the Superior Court of the State of Alaska, for the foreclosure of materialmen's liens on certain described real property but was transferred to the United States District Court upon motion of the United States of America, one of the defendants, which asserted various tax liens on the subject property.

The record discloses that by document dated July 24, 1962, entitled "REAL ESTATE CONDITIONAL SALES CONTRACT WITH ESCROW", appellants conveyed their interest in Lots 5 through 12 of Block 28, Fairview Subdivision, Anchorage, Alaska, to Mr. and Mrs. Branson and Mr. and Mrs. Schmider for the principal sum of $17,000.00 with interest thereon from April 25, 1962. The principal sum was payable on or before November 1, 1962, payable in installments or in a lump sum. The document recites that the buyers shall continue in possession of the above described lots as they have in the past, for the purpose of building thereon dwelling houses for resale, and such possession shall continue so long as the buyers shall pay the pur-

chase price, plus interest, and shall comply with the terms and conditions of the contract, and that the title, interest and ownership of the real estate shall remain in the sellers until the purchase price shall have been fully paid and all of the terms and conditions of the contract fully complied with. The document was recorded on September 7, 1962.

After April 25, 1962, and prior to September 7, 1962, construction of buildings on each of the above lots began. Materials for such construction were furnished by appellee, Arrow Lumber Co., Inc., and others, for which payment was not made. Appellants did not post a Notice of Non-Responsibility on the subject property as provided for by A.S. 34.35.-065, and acquired knowledge of the furnishing of materials to said lots by Arrow Lumber Co., Inc., and others, prior to the date of the recording of the document.

On October 11, 1962, the United States seized possession of the real property for back taxes owed by the Schmiders and Bransons. Shortly thereafter appellee, Arrow Lumber Co., Inc., perfected its materialmen's liens on the property within the time and in the manner required by law.

On March 21, 1963, Arrow Lumber Co., Inc., filed its complaint for lien foreclosure. Appellants answered denying all of the allegations of the complaint and, as an affirmative defense appellants alleged that at the time the liens of appellee, Arrow Lumber Co., Inc., arose, the appellants were conditional vendors under contract of sale and thereby they were holders of a "right of entry for condition broken"; that the interest or estate of the Bransons and the Schmiders terminated by their default; that their interest was reconveyed to appellants by quitclaim deed; and that all liens attaching to the interest or estate of the purchasers terminated simultaneously. Appellants further alleged that, as holders of the property in fee simple absolute, their interest was prior to and unaffected by any claim of lien of any party to the action. Additionally, appellant Hadley Stephens asserted by way of counterclaim and cross-complaint a materialmen's and mechanic's lien ahead of and prior to any asserted by any of the defendants.

Following trial to the court, the court dismissed the various claims and defenses of appellants and held that the document entitled "REAL ESTATE CONDITIONAL CONTRACT WITH ESCROW" was a security interest in the nature of an equitable mortgage on which an appropriate judgment should be entered in appellants' favor.

As finally determined the liens of appellee, Arrow Lumber Co., Inc., were held superior to the interest of appellants.

Appellants specify as the error relied on that the district court:

"[E]rred in finding as a matter of fact and concluding as a matter of law that Appellants' Exhibit #38 [the contract with the Bransons and Schmiders] was an equitable mortgage and that Appellants' interest in the subject real property was subordinate to the various lien claimants."

In this respect the district court found as a fact as follows:

"21. The Stephens had a security interest in the nature of an equitable mortgage against Lots 4 through 12. This document is entitled 'Real Estate Conditional Sale Contract With Escrow', dated July 24, 1962, to Don E. Schmider, Helen Schmider, Stanley C. Branson and Audrey Branson, as buyers. It was recorded on September 7, 1962 in Miscellaneous Book 53, at page 299 of the records of the Anchorage Recording District. It was given to secure payment of the principal sum of $17,-000.00 with interest thereon at six per cent per annum from April 25, 1962. By a duly recorded release, the security interest of the Stephens in Lots 4, 5 and 6 have been released. The exhibits filed by the First National Bank indicate that the sum of $6,433.50 was paid in partial satis-

faction of said equitable mortgage. There is accordingly due and owing to the Stephens on their real estate conditional sales contract the principal sum of $10,600.00 with interest thereon at six per cent per annum from April 25, 1962 to the date of judgment herein."

Appellants concede that:

"Whether an instrument creates a relationship of mortgagor-mortgagee or a relationship of sale is determined by the intent of the parties."

 A document may be in fact an equitable mortgage regardless of its title. 59 C.J.S. Mortgages § 13 (1949). The essential feature of an equitable mortgage is the intention of the parties. 59 C.J.S. Mortgages § 13 (1949). The trial court had the opportunity to consider evidence of the intention of the parties and of the circumstances surrounding the execution of the document dated July 24, 1962. Appellant, Hadley W. Stephens, testified at some length at the trial. The trial transcript is not before this court, nor are all the exhibits introduced at the trial. In these circumstances this court is in no position to say that the finding is so unsupported by the evidence as to be clearly erroneous. Watson v. Button, 235 F.2d 235, 238 (9th Cir., 1956); Jensen v. United States, 326 F.2d 891, 893 (9th Cir., 1964).

 The burden is on the appellants to show that the trial court's finding is clearly erroneous. Rule 52(a) Fed.R. Civ.P.; Watson v. Button, supra. In the last mentioned citation it is stated at page 238 of 235 F.2d:

"An appellant must include in the record all of the evidence on which the District Court might have based its findings. When this is not done, the judgment of the District Court must be affirmed." (Footnotes omitted).

Appellants claim for the first time on this appeal that the contract with the Bransons and the Schmiders "if considered a security transaction is in the nature of a purchase money obligation, giving appellants prior over all other lienors, and this result is not changed by the Alaska statute."

 A search of the record before us fails to reveal that such contention was raised in the trial of this action, or in any way passed upon by the district court. As stated by this court in Partenweederei, Ms Belgrano v. Weigel, 313 F.2d 423, 425 (1962), C.D. 373 U.S. 904, 83 S.Ct. 1292, 10 L.Ed.2d 199 (1964):

"It is sound policy to require that all claims be presented to the trial court, and not raised for the first time on appeal, nor, a fortiori, as herein, in a petition for rehearing on appeal. This requirement sets the scope of the lawsuit, thereby preventing piecemeal litigation and consequent waste of the time of both trial and appellate courts. It assures that the opposing party will know the claims he must meet. It gives the appellate court the benefit of the district court's wisdom, and it prevents a litigant from asserting before this Court a claim which he deliberately chose, for reasons of strategy, not to assert below. We find here no persuasive reason for making an exception."

We expressly refrain from considering appellants' new contention.

 Also before us is the petition of appellee to dismiss the appeal because of appellants' failure to comply in several respects with the rules of this court. Since we have concluded that the judgment appealed from should be affirmed, appellee's motion to dismiss the appeal is dismissed as moot.

The judgment appealed from is affirmed.