Don ROTHMAN, as receiver of Highlander, Inc., a corporation dba Highlander Sanitarium, Debtor in Proceedings under Chapter XI, Plaintiff-Appellant,

v.

HOSPITAL SERVICE OF SOUTHERN CALIFORNIA dba Blue Cross of Southern California and Secretary of Health, Education and Welfare, Defendants-Appellees.

No. 72-2232.

United States Court of Appeals, Ninth Circuit.

Feb. 3, 1975.

Robert G. Leff (argued), Beverly Hills, Cal., for plaintiff-appellant.

Barbara L. Herwig (argued), Washington, D.C., for defendants-appellees.

Before BROWNING and GOODWIN, Circuit Judges, and KING,* District Judge.

## OPINION

SAMUEL P. KING, District Judge:

Plaintiff-appellant made à claim to reimbursements for the cost of services provided between January 1, 1967, and January 31, 1968, under the Medicare provisions of the Social Security Act, 42 U.S.C. § 1395 et seq. (hereinafter referred to as the Medicare Act). On April 12, 1972, the district court dismissed the case for the second time,[1] finding no jurisdiction to review the administrative determination as to the amount allegedly owed to Highlander, Inc., as a "provider of services" under the Medicare Act.[2] On April 18, 1972, Proposed Findings of Fact, Conclusions of Law, and Judgment prepared by the Defendants were submitted to the court. The District Court signed and entered its Findings of Fact, Conclusions of Law and Judgment on April 19, 1972. Pursuant to Local Rule 7(a),[3] permitting objection to the form of the findings, Plaintiff on April 24, 1972, served his objections. At that time Plaintiff contended that the findings were insufficient, that the District Court had subject matter jurisdiction, and that the administrative review proceedings were unconstitutional. When the District Court did not alter its Findings of Fact, Conclu-

---

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

1. This action was originally brought by Appellant's predecessor, A. J. Bumb as Receiver for Highlander, Inc., dba Highlander Sanitarium (hereinafter referred to as Highlander). The complaint alleged that the defendants, Hospital Service of Southern California (Blue Cross of Southern California) and the Secretary of · Health, Education and Welfare (hereinafter referred to as the Secretary), owed Highlander a total of $65,085.79 for services rendered from January 1, 1967 through January 31, 1968.

Defendants' motion to dismiss the complaint on the grounds that the District Court lacked jurisdiction over the subject matter and that plaintiff had failed to state a claim upon which relief could be given was granted.

On appeal, in Bumb v. Hospital Service of Southern California, 440 F.2d 1077 (9th Cir. 1971), this Court remanded the case, ruling that the jurisdictional question was unclear and that the filing of the suit was in any event premature if there were remaining administrative remedies available to the plaintiff.

The District Court upon remand, ordered the Plaintiff to file a memorandum discussing whether the case should be dismissed for failure to exhaust administrative remedies or if no remedies existed, whether the court should affirm its prior dismissal. Plaintiff failed to submit the ordered brief and the District Court on its own motion entered an order to show cause why the action should not be dismissed for failure to prosecute. After a hearing on this matter, the court dismissed the action on March 3, 1972.

On March 21, 1972, Plaintiff moved to vacate the judgment of dismissal. Hearing on the motion was held on April 10, 1972, at which time all parties agreed that administrative remedies had been exhausted. On April 12, 1972, the District Court again dismissed the case.

2. Highlander, Inc., was an extended care facility which qualified as a "provider of services" under the Medicare Act. § 1395x(u) of the Medicare Act defines a provider of services as "a hospital, extended care facility, or home health agency."

3. Local Rule 7(a) states in relevant part:

. . . . .

Unless the court otherwise directs, no document governed by this Rule will be signed unless opposing counsel shall have endorsed thereon an approval as to form or shall have failed to serve and file with the clerk, within five days after service of a copy thereof as shown by endorsement on the original or by affidavit or service a statement of objection to form and the grounds thereof.

sions of Law, and Judgment, this appeal was brought.

In this appeal, Appellant raises three issues: (1) whether the district court has jurisdiction to review determinations of the reasonable costs to be reimbursed to a provider of services under the Medicare Act;[4] (2) whether the administrative review of his claim for reimbursement was inadequate and unconstitutional due to insufficient adjudicatory safeguards; and (3) whether there was error in the District Court's Findings of Fact, Conclusions of Law, and Judgment because of a violation of the provisions of Local Rule 7(a).

## I. Jurisdiction to Review:

■ Although the Medicare Act itself contains no express provision affording judicial review of the Secretary's determinations as to the reasonable costs reimbursed to a provider of services, Appellant argues that the Administrative Procedure Act (hereinafter referred to as "A.P.A."), 5 U.S.C. § 701 et seq., gives the district court the right to review such determinations. We have held that the A.P.A. provides jurisdiction for review of agency action in district courts unless such jurisdiction is otherwise barred. State of Washington v. Udall, 417 F.2d 1310, 1319–20 (9th Cir. 1969); see also C. Byse & J. Fiocca, Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action, 81 Harv.L.Rev. 308, 326–31 (1967). The only possible bars to jurisdiction to review in this instance would appear to be those embodied in the A.P.A. itself, i. e., that the agency action in question is committed by law to the discretion of the agency, or that there is clear and convincing evidence of congressional intent to preclude review expressed in the statute itself or in its legislative history. 5 U.S.C. §§ 701(a)(1), (2); Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

The presence of statutory guidelines for reasonable cost determinations in 42 U.S.C. § 1395x(v)(1) coupled with the § 1395g mandate that the Secretary pay providers for services furnished indicates that decisions concerning reimbursable costs were not intended to be wholly within the discretion of the Social Security Administration.

We have found no clear and convincing evidence in the Medicare Act itself or in its legislative history[5] that Congress intended to preclude review of such decisions. Under 42 U.S.C. § 1395ii, 42 U.S.C. § 405(h) applies to the Medicare Act. § 405(h) provides in relevant part:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decisions of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

The second sentence might appear to bar judicial review except as provided in the Medicare Act itself, and thus to bar review under the A.P.A. This interpretation of the second sentence was rejected by the Second Circuit in a series of cases holding that § 405(h) bars judicial review under the A.P.A. only where a litigant seeks to by-pass procedures provided by

---

4. § 1395g of the Medicare Act provides that the Secretary shall make periodic reimbursement to each provider of services. The total amount to be paid to a provider pursuant to § 1395f(b) is the "reasonable cost" of services to Medicare beneficiaries, as determined under § 1395x(v).

5. One Senate Report states:

    Hospitals, extended care facilities, and home health agencies would be entitled to hearing and judicial review if they are dis-

satisfied with the Secretary's determination regarding their eligibility to participate in the program. It is intended that the remedies provided by these review procedures shall be exclusive.

S.Rep.No.404, 89th Cong. 1st Sess. 54–55 (1965). U.S.Code Cong. & Admin.News, p. 1995. This statement applies only to the mode of review for those questions made expressly reviewable by § 1395ff(c). Appellant's claim is not one governed by § 1395ff(c). See note 8, infra.

the Act for review of specified agency decisions. If the act itself provides no procedures for judicial review of a particular agency decision, the second sentence of § 405(h) does not preclude review under the A.P.A. Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Aquavella v. Richardson, 437 F.2d 397 (2d Cir. 1971); Kingsbrook Jewish Medical Center v. Richardson, 486 F.2d 663 (2d Cir. 1973).[6] This interpretation of the second sentence of § 405(h) has been followed in other circuits. *See, e. g.,* Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972); Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972).

In Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973) we adopted this interpretation of the second sentence of § 405(h) by necessary implication. We declined to accept the full sweep of the *Cappadora* holding that all agency orders denying reopening were reviewable under the A.P.A., but we did so only because we found in the *first* sentence of § 405(h) an expression of congressional intention that agency decisions (including orders denying reopening) were not subject to judicial review if in the particular circumstances review would be barred by accepted principles of res judicata. Had we viewed the second sentence of § 405(h) as barring A.P.A. review in any event, discussion of res judicata would have been unnecessary. The opinion in *Stuckey* expressly states that where an agency decision is not final under res judicata principles, judicial review is available. Two such cases are identified. 488 F.2d at 911. Both involve orders denying reopening. Since we held in Filice v. Celebrezze, 9 Cir., 319 F.2d 443, 445–46, that such orders are not reviewable under § 405(g) (the only express provision for review under the Social Security Act), *Stuckey* necessarily means that such agency decisions are reviewable under the A.P.A. despite the second sentence in § 405(h).

The first sentence in § 405(h) as interpreted in *Stuckey* does not bar review in the present case because Appellant had no prior opportunity to seek judicial review of the Secretary's denial of his claim for reimbursement. The second sentence does not bar review because none of the specific review provisions of the Medicare Act are applicable to such determinations.[7] The general principle therefore applies that A.P.A. review is available because Congress has not indicated that it should not be.

■ Since a reimbursable cost determination is not made on "the record of agency hearing provided by statute," such a determination is not reviewable under § 706(2)(E) of A.P.A. for insuffici-

---

6. One of these Second Circuit cases is exactly like the one at hand; but in each case, the court's view of § 405(h) and § 1395ii led to the conclusion that there was jurisdiction to review the appellant's claim under the A.P.A. In *Cappadora,* the court held that there was jurisdiction to review a decision of the Secretary not to reopen what had become a final and binding disallowance of a claim for benefits under the Social Security Act, 42 U.S.C. § 401 et seq. In *Aquavella,* while noting that jurisdiction was proper under 28 U.S.C. § 1331, the Second Circuit relied upon the *Cappadora* court's view of § 405(h), and held that that district court had jurisdiction to review the Secretary's decision to suspend payments to a provider of services under the Medicare Act. Although the *Aquavella* court expressly excluded from its decision any issue concerning a determination on the merits as to how much a provider was owed (at 402), the *Kingsbrook* court noted that 28 U.S.C.

§ 1331 jurisdiction existed, and held that the district court had jurisdiction to review an H.E.W. refusal to initiate a retroactive corrective adjustment of a provider reimbursement when a change in regulations resulted in an underpayment to the provider. In so doing, the court reversed a district court decision which had distinguished *Aquavella* on the grounds that it did not apply to questions of how much a provider was owed. *See* Kingsbrook Jewish Medical Center v. Richardson, 355 F.Supp. 965, 971 (E.D.N.Y.1973).

7. The Medicare Act provides judicial review of administrative determinations where an individual is dissatisfied with a determination as to his entitlement for benefits of the amount of benefits received, if the amount in controversy is at least $1,000, 42 U.S.C. § 1395b, and where an institution or agency is dissatisfied with a determination that it is not a provider of services or with a decision terminating its contract, 42 U.S.C. § 1395ff(c).

ency of evidence. However, it appears to be reviewable under § 706(2)(A)(B)(C) and (D) for compliance with constitutional and statutory provisions, or for arbitrary or capricious agency action. To the extent that Appellant's complaint may not allege such grounds for review, he would presumably be entitled to amend since no answer has yet been filed.

II. Adequacy of Administrative Review:

■ Appellant next urges that the administrative review of his claim conducted by the Blue Cross Association Committee was inadequate and unconstitutional in that it was not impartial and did not have sufficient adjudicatory safeguards. The question whether the administrative determination in this case was made in compliance with the Medicare Act and the Constitution was not suitably raised below and is not properly before this Court.

Plaintiff did not at any time prior to entry of the District Court's judgment on April 19, 1972, seek to challenge the administrative procedure of reviewing his claims on the ground it violated constitutional rights. The District Court in its Memorandum Opinion stated:

In the case before us, plaintiff does not challenge the statutory authority of the Secretary, nor does he raise any constitutional questions. What is at issue here is whether the provider has been overpaid and whether this court has jurisdiction to review a final determination by the Secretary on this matter.

■ It is a well-established principle that in most instances an appellant may not present arguments in the Court of Appeals that it did not properly raise in the court below. See Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); United States v. Tanks, 464 F.2d 547 (9th Cir. 1972); Eason v. Dickson, 390 F.2d 585 (9th Cir. 1968); Stephens v. Arrow Lumber Co., 354 F.2d 732 (9th Cir. 1966); Wagner v. Retail Credit Co., 338 F.2d 598 (7th Cir. 1964); Partenweederei, Ms Belgrano v. Weigel, 313 F.2d 423 (9th Cir. 1962). Plaintiff has not presented persuasive arguments for making an exception to this rule.

III. Violation of Local Rule 7(a):

■ Appellant alleges finally that the District Court's Findings of Fact, Conclusions of Law, and Judgment were erroneous because Local Rule 7(a) was violated. The alleged violation is that the District Court failed to wait five days after submission of proposed findings to sign and file said documents or otherwise provide Plaintiff an opportunity to object as to the form of said findings. Because we are remanding this case to the District Court, the issue whether a violation of Local Rule 7(a) occurred is now moot.

Accordingly, the District Court's ruling that it had no jurisdiction to review Appellant's claim is reversed, and we remand the case for further proceedings on any issues raised by the Plaintiff which are within the scope of judicial review provided by the A.P.A.[8]

---

8. By Pub.L. 92–603, Title II, § 243(a), 86 Stat. 1420 (October 30, 1972), Congress added § 1395oo which specifically deals with the reviewability of reimbursement determinations affecting providers of services (pursuant to agreements under § 1395cc). The statute establishes a Provider Reimbursement Review Board and authorizes a civil action in certain cases. Thus, this decision, and others in this area, will have very limited application.