**The TRUSTEES OF INDIANA UNIVERSITY (INDIANA UNIVERSITY HOSPITALS)**

v.

**BLUE CROSS ASSOCIATION and Joseph Califano, Secretary of Health, Education & Welfare.**

**No. 76–193–C.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Nov. 14, 1977.

Transfer Ordered Feb. 17, 1978.

William S. Hall, Indianapolis, Ind., for plaintiff.

Bradley Williams, Asst. U. S. Atty., Indianapolis, Ind., for defendants.

NOLAND, District Judge.

This action arises under Title XVIII of the Social Security Act, better known as the "Medicare" program. 42 U.S.C. § 1395 *et seq.* The plaintiff is a provider of hospital services under Part A of the Health Insurance for the Aged Act which is part of the Medicare legislation. Defendant Blue Cross Association (BCA) has been designated by defendant Joseph Califano, Secretary of Health, Education and Welfare (Secretary) as its fiscal intermediary under the Medicare Act. The Secretary is the federal official responsible for the administration of the Medicare Act.

Plaintiff seeks reimbursement from the defendants for the portion of interest attributable to the care of Medicare patients which was paid on loans made by Indiana University to the Indiana University Hospital (hereinafter Provider) for the purpose of providing short term working capital needs and normal operating expenses related to patient care for fiscal years 1970 and 1971. BCA disallowed the interest expenses from those two years claiming that the expenses were not reimbursable pursuant to 20 C.F.R. §§ 405.419 and 405.427. § 405.419 states that reimbursement for interest on loans paid by the Provider to related organizations from which the Provider borrowed funds is not allowable. The provision goes on to state that "The intent of this provision is to assure that loans are legitimate and needed, and that the interest rate is reasonable."

Hence, there exists a regulation which appears to be absolute in its non-allowance of reimbursement for interest payments in a given lender-borrower situation. However, the regulation goes one step further and states the purpose for its rule. There is no dispute that the loans in question were necessary and that the interest rates received were lower than competitive rates obtainable elsewhere. All aspects of the loan were legitimate. Still BCA disallowed

the expense asserting that it was in agreement as to the legitimacy of the loans but felt compelled to abide by the inflexible regulation. Plaintiff sought an intermediary hearing and was advised by BCA that a hearing before a panel of three hearing officers would be held. Provider was to be allowed to pick one member of that panel. Instead of the promised hearing, the matter was heard before one hearing officer of BCA. The Provider's appeal of the hearing officer's decision was denied. A subsequent motion to reopen was also denied. In answer to a request to review the matter, the Social Security Administration said that an exception would not be made from the hearing officer's decision. Deciding that all administrative remedies had been exhausted, plaintiff filed this cause. Jurisdiction is predicated upon 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. § 702, hereinafter APA.

Defendants' motion to dismiss primarily relies upon the Supreme Court holding in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In Addition to the holding in *Salfi,* the defendants assert that jurisdiction under the APA is precluded by its own terms. Defendants argue that a determination of reimbursement under the Medicare program is entrusted to agency discretion and is therefore non-reviewable under 5 U.S.C. § 701. Furthermore, defendants argue 42 U.S.C. § 405(h) precludes judicial review and therefore prevents the APA from applying.

The U. S. Supreme Court in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) concluded that the "APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Id.* at 985, 97 S.Ct. at 984. The Court in *Sanders* reasoned that the effect of the 1976 amendment to 28 U.S.C. § 1331 which eliminated the jurisdictional amount in "any [§ 1331] action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity" was to confer jurisdiction on federal courts to review agency actions subject *only* to preclusion-of-review statutes. The preclusion-

of-review statutes were meant to limit the expanded § 1331. To allow implied jurisdiction under the APA would override this limitation and such was not the intent of Congress, therefore the APA does not confer implied jurisdiction on this Court.

The Court in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) holds that 42 U.S.C. § 405(h) is such a preclusion-of-review statute. The dispute in *Salfi* involved a constitutional attack of 42 U.S.C. § 416(c)(5) and (e)(2) which define "widow" and "child" so as to exclude surviving wives and step-children who had their respective relationships to a deceased wage-earner for less than nine months prior to his death. The plaintiff brought a class action on behalf of all widows and step-children denied benefits under Title II of the Social Security Act because of the nine month requirement. The Supreme Court in reversing the District Court held that the District Court, pursuant to the third sentence of 42 U.S.C. § 405(h), did not have jurisdiction over the claim of the unnamed class. § 405(h) states in pertinent part that "[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under [28 U.S.C. § 1331] to recover on any claim arising under this subchapter."

§ 405(h) has been incorporated into the Medicare Act through 42 U.S.C. § 1395ii. Prior to the *Salfi* decision, courts routinely interpreted § 405(h) as merely requiring exhaustion of available administrative remedies before a suit would be allowed under the jurisdiction of § 1331. *Rothman v. Hospital Service,* 510 F.2d 956 (9th Cir. 1975); *Kingsbrook Jewish Medical Center v. Richardson,* 486 F.2d 663 (3rd Cir. 1973); *Aquavella v. Richardson,* 437 F.2d 397 (2nd Cir. 1971). The holding in *Salfi* provides an absolute bar to judicial review unless specifically provided for within the Social Security Act.

As was previously stated, the Medicare provisions of the Social Security Act incorporated § 405(h). However 405(g), providing for judicial review, was not made part

of the Medicare laws. Instead, Medicare adopted its own provision for judicial review in 42 U.S.C. § 1395oo (f). That provision was not in effect during the period involved in the present case. The Court in *Salfi* stated that judicial review under § 1331 is allowed only where the Act provides for it. The Act did not provide for judicial review prior to 1973 so the Court is without jurisdiction in this instance. See *Dr. John T. MacDonald Foundation, Inc. v. Mathews,* 554 F.2d 714 (5th Cir. 1977).

Plaintiffs finally contend that the constitutional issues raised by their complaint demand judicial review despite the ruling in *Salfi.* The Court in *James D. Inc. v. Nationwide Insurance Co., et al.,* No. C–2–75–471 (S.D.Ohio, Eastern Division, March 18, 1971) held that the Medicare Act provided no statutory or constitutional judicial review for the period in issue. § 1331 confers jurisdiction for questions arising under the *Constitution* or *laws* of the United States. § 405(h) states no action shall be brought under § 1331. Therefore no constitutional or statutory judicial review is provided for by the Act. See also *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Weinberger v. Salfi,* 422 U.S. 749 (1975); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The Court concludes that it is without jurisdiction under 28 U.S.C. § 1331 or the APA 5 U.S.C. § 702 and therefore must dismiss plaintiffs' complaint in its entirety absent a valid assertion of this Court's jurisdiction. Plaintiff's complaint is accordingly DISMISSED.

### ENTRY TRANSFERRING THE CASE TO THE UNITED STATES COURT OF CLAIMS

The cause came before the Court upon the Plaintiffs' Motion to Reconsider the Court's Order of Dismissal and the judgment entered thereon, or, in the alternative, to revoke the Order of Dismissal and to transfer this case to the United States Court of Claims pursuant to 28 U.S.C.A. § 1406(c).

Whereupon, the Court, having considered said Motion and the Plaintiffs' Memorandum attached thereto, and having entered an Order DENYING the Plaintiffs' Motion to Reconsider and having entered an Order GRANTING the Plaintiffs' Motion to Revoke the Order of Dismissal and the judgment entered thereon and to transfer this case to the United States Court of Claims, the Court hereby

ORDERS, ADJUDGES, AND DECREES that this case is transferred to the Court of Claims, with costs to be borne by Plaintiff.

IT IS SO ORDERED.