665 So.2d 410 (1995)
Dr. James L. CHRISTOPHER, Alton B. Ducote, Dr. Harry J. Kellerman, Nolen C. Miller and Harry John Kellerman, Trustee
v.
LIBERTY OIL & GAS CORPORATION, James L. Moore and Paul R. Kendrick as Liquidator of Frisco Oil & Gas Corporation.
No. 94 CW 2280.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Rehearing Denied January 23, 1996.
Writ Denied March 29, 1996.
Louis Simon, Ben L. Mayeaux, Lafayette, for Plaintiffs/Appellees.
Guy E. Wall, William T. D'Zurilla, New Orleans, for Liberty Oil & Gas Corp., James L. Moore & Frisco Oil & Gas Corp., Appellants.
Before LeBLANC, WHIPPLE and FOGG, JJ.
LeBLANC, Judge.
We granted certiorari in this matter to determine whether a shareholders' derivative or secondary action may be brought by a former shareholder.
The plaintiffs, Dr. James Christopher, Alton B. Ducote, Dr. Harry J. Kellerman, individually and as trustee of the Harry J. Kellerman Trust, and Hazel B. Miller, were shareholders of Frisco Oil & Gas Corporation (Frisco) in May of 1977 when Frisco transferred two oil wells to defendant, Liberty Oil & Gas Corporation (Liberty). Plaintiffs alleged James L. Moore, President of Frisco, was without authority to convey these interests of Frisco, and filed a petition seeking an accounting for all sums received from the production of the transferred wells. Plaintiffs' petition was subsequently amended and now asserts plaintiffs represent the interest of the shareholders of Frisco. Plaintiffs' petition seeks to declare the transfer unauthorized and seeks to order Moore and Liberty to pay over and account to Frisco and its shareholders for all revenues produced by the wells.
Defendants, Liberty and James Moore, filed an exception raising the objection of no right of action, claiming plaintiffs are no longer shareholders of Frisco and lack standing *411 to bring these claims. The trial court overruled the exception, and from this judgment, defendants filed an application for supervisory writs. This court issued a writ of certiorari to determine if plaintiffs have a right of action.
The issue raised by the exception urging the objection of no right of action is whether the plaintiffs have a right or legal interest in the subject matter of the suit at issue. Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 546 (La.App. 1st Cir.1992). Defendants contend that La.C.C.P. art. 596 controls, requiring a derivative or secondary action be brought by a current shareholder and, as former shareholders, plaintiffs may not maintain this action. We agree.
The purpose of a derivative action is to afford a means by which a stockholder, powerless to bring a direct civil action at law against faithless directors and managers, may seek to vindicate corporate rights that the corporation itself has refused to enforce. Schilling v. Belcher, 582 F.2d 995, 1001 (5th Cir.1978). A shareholder sues, not for himself alone, but as a representative of a class comprising all who are similarly situated. Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 549, 69 S.Ct. 1221, 1227, 93 L.Ed. 1528 (1949).
Standing is justified only by this proprietary interest created by the stockholder relationship and the possible indirect benefits the nominal plaintiff may acquire qua stockholder of the corporation which is the real party in interest. Without this relationship, there can be no standing, "no right in himself to prosecute this suit." Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 735-36 (3rd Cir.1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971).
La.C.C.P. art. 596 provides, in pertinent part:
The petition in a class action brought by a shareholder or member of a corporation... because it refuses to enforce a right which it may enforce shall:
(1) Allege that the plaintiff was a shareholder or member at the time of the occurrence or transaction of which he complains.... (emphasis added.)
Current Fed.R.Civ.P. 23.1[1], adopted in 1966, was derived from former Fed.R.Civ.P. 23(b)[2], and contains two discrete standing requirements: (1) the plaintiffs must have owned stock in the defendant corporation at the time of the transaction of which he complains, the so-called "contemporaneous ownership" requirement, and (2) the plaintiff must be a shareholder of the defendant corporation at the time suit is brought. "The latter requirement, unlike the contemporaneous ownership rule, is not expressly stated in the rule, but rather is implied by the statement that an action under Rule 23.1 may be `brought by one or more shareholders... to enforce a right of a corporation.'" Schilling v. Belcher, 582 F.2d at 999. For the plaintiff to satisfy the standing requirements of Rule 23.1, he must demonstrate that he owned stock in the corporation at the time of the transaction of which he complains and throughout the pendency of the suit, which includes the bringing of the suit and its prosecution. Lewis v. Knutson, 699 F.2d 230, 238 (5th Cir.1983). La.C.C.P. art. 596 utilizes the same language and imposes the same requirements on plaintiffs in derivative actions in Louisiana. To bring such a suit one must have been a stockholder at the time of the complained occurrence and also must be a current stockholder.
In the present suit, plaintiffs admit they sold all their Frisco stock years ago. Without the required "proprietary interest", plaintiffs lack a right or legal interest in the subject matter of the suit at issue.
Plaintiffs' reliance on Watson v. Button, 235 F.2d 235 (9th Cir.1956), as support for *412 their argument that an exception to the rule should be recognized under the facts of this case is misplaced. Watson, 235 F.2d at 236-37, clearly states, "Appellee [a former stockholder]... cannot bring a derivative action since he is no longer a stockholder ..." and goes on to merely uphold Watson's individual recovery.
In addition, even if plaintiffs sold their shares of stock without knowledge of Moore's alleged wrongful conduct, they are not denied relief. Plaintiffs may sue to rescind the sale of their Frisco stock. However, plaintiffs do not attempt to rescind the sale of stock and become stockholders again. They merely seek to disrupt the internal affairs of a corporation in which they no longer have any right or legal interest.
For the reasons set forth above, the writ of certiorari previously issued by this court in this cause is hereby made peremptory, and the trial court's judgment of August 19, 1994, overruling defendants' exception raising the objection of no right of action is reversed. Judgment is rendered, granting Liberty Oil & Gas Corporation and James L. Moore's exception raising the objection of no right of action and dismissing plaintiffs' claims against Liberty Oil & Gas Corporation and James L. Moore. Costs arising from this writ application are assessed against plaintiffs.
WRIT GRANTED AND MADE PEREMPTORY; REVERSED AND RENDERED.
NOTES
[1] Fed.R.Civ.P. 23.1 provides, in pertinent part:

In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains....
[2] Former Fed.R.Civ.P. 23(b) was the source rule for La.C.C.P. art. 596.